*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1814**

Tremayne Penny-Ruffin,
Relator,

vs.

Carl Larry Powers, III,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed June 22, 2015
Affirmed
Ross, Judge**

Department of Employment and Economic Development
File No. 32506364-3

Tremayne Penny-Ruffin, Minneapolis, Minnesota (pro se relator)

Carl Larry Powers, III, Apple Valley, Minnesota (respondent employer)

Lee B. Nelson, St. Paul, Minnesota (for respondent department)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Police charged delivery driver Tremayne Penny-Ruffin with careless driving and impaired driving, and he pleaded guilty to careless driving. Penny-Ruffin did not report

the infraction to his employer, Power Investment. Power Investment terminated his employment when it learned of the conviction. An unemployment law judge determined that Penny-Ruffin engaged in employment misconduct and is therefore ineligible for unemployment benefits. Penny-Ruffin argues that Power Investment discharged him for something other than his conviction and failure to report, that it should have merely suspended him, and that the unemployment law judge did not give him a fair hearing. The judge's holding as to the reason for the discharge rests on a credibility finding that we will not disturb. Whether the employer's policy directs lesser punishment is irrelevant to our review. And the alleged unfairness did not prejudice Penny-Ruffin. We affirm.

## FACTS

Tremayne Penny-Ruffin worked for Power Investment from 2005 until January 2014, most recently as a delivery driver. Penny-Ruffin applied for unemployment benefits but was denied. An unemployment law judge (ULJ) learned of the following facts during a hearing on Penny-Ruffin's appeal.

The state charged Penny-Ruffin with careless driving and impaired driving in March 2013. Penny-Ruffin pleaded guilty to careless driving and was fined. The public safety department suspended his license when he failed to pay the fine. Penny-Ruffin told Power Investment about the suspension, but the company says that he said it had resulted from a child-support issue. He injured his back and began a leave of absence.

Penny-Ruffin's supervisor said he learned from a business acquaintance in January 2014 about Penny-Ruffin's 2013 careless-driving offense. Power Investment's owner, Carl Powers, and his assistant, Doreena Smith, testified that Penny-Ruffin never told

2

them about his careless-driving citations or his conviction. And they said that the company discharged Penny-Ruffin because the conviction and failure to report disqualified him from driving for the company.

Penny-Ruffin testified that he reported the careless-driving offense to Power Investment. He asserted that the license suspension resulted from a child-support issue. And he testified that Power Investment had a policy to suspend an employee for a driving violation. He claimed that his back injury was the real reason he was discharged.

The ULJ found that Penny-Ruffin was fired for employment misconduct and deemed him ineligible for unemployment benefits. Penny-Ruffin appeals by certiorari.

## D E C I S I O N

Penny-Ruffin argues that Power Investment really discharged him because of his injury and leave of absence. But the ULJ found that Power Investment discharged him because of his driving conviction and failure to report it. Smith and Powers both testified as to why they terminated Penny-Ruffin's employment, and the ULJ found them credible and gave her reasons for doing so. We substantially defer to a ULJ's witness-credibility assessments. *Jenson v. Dep't of Econ. Sec.*, 617 N.W.2d 627, 631 (Minn. App. 2000), *review denied* (Minn. Dec. 20, 2000). We are in no position, as an appellate court, to second-guess the ULJ's credibility finding that the company witnesses were telling the truth about the company's reason for discharging Penny-Ruffin.

Penny-Ruffin also contends that Power Investment should not have fired him due to its discipline policy, which, he says, subjected him to being merely suspended but not discharged for the driving offense. The issue before the ULJ was whether the company

3

fired Penny-Ruffin for employment misconduct. *See* Minn. Stat. § 268.095, subd. 4 (2014). Whether an employer failed to follow its own more lenient policy of progressive discipline rather than terminate employment is not relevant to that issue. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 316–17 (Minn. 2011). We will not address the merits of Penny-Ruffin's assertion that Power Investment violated its discipline policy.

Penny-Ruffin argues that he lacked notice of Power Investment's documentary evidence. A ULJ must conduct a fair hearing. Minn. R. 3310.2921 (Supp. 2014). And a party must disclose documents it intends to offer during the hearing. Minn. R. 3310.2912 (Supp. 2014). But we do not reverse for evidentiary errors that do not prejudice the relator. *Ywswf v. Teleplan Wireless Servs., Inc.*, 726 N.W.2d 525, 530 (Minn. App. 2007). Penny-Ruffin has shown no prejudice here. The hearing transcript reflects that Powers and Smith tried to submit documents to the ULJ by facsimile, but the transmission failed. Penny-Ruffin did not object to the evidence offered (employer policies and driving records). The company witnesses testified about the content of those documents. Penny-Ruffin does not dispute that he committed the driving offense or that failure to report a driving offense violates company policy. And after the witnesses testified to their content, Penny-Ruffin had the opportunity to cross-examine them and to present his own testimony or other evidence. The lack of prior disclosure did not result in an unfair hearing.

**Affirmed.**